**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RCI HOSPITALITY HOLDINGS, INC. | § | |
| | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. _____ |
| | § | |
| SCHNEIDER-WILSON ENTERPRISE, | § | |
| LLC D/B/A BOMBSHELL BAR AND | § | |
| GRILL | § | **JURY TRIAL DEMANDED** |
| | § | |
|     Defendant. | § | |

---

### PLAINTIFF'S ORIGINAL COMPLAINT

---

**COMES NOW** Plaintiff RCI Hospitality Holdings, Inc. ("Plaintiff") and for its Original Complaint against Defendant Schneider-Wilson Enterprise d/b/a Bombshell Bar and Grill ("Defendant") and alleges as follows:

### I.   NATURE OF ACTION

1.    Plaintiff files this lawsuit seeking injunctive relief and damages from Defendant based on trademark infringement, dilution, unfair competition, misappropriation, and tortious interference with existing and potential contract and business relations.

### II.   THE PARTIES

2.    Plaintiff is a corporation organized and existing under the laws of the State of Texas, with its principal place of business at 10737 Cutten Road, Houston, Texas 77066.

3.    Defendant is a corporation organized and existing under the laws of the

State of Missouri, with its principal place of business at 221 N. Main St., St. Charles, Missouri, 63301, and may be served through its registered agent for service of process, Sarah Schneider, at 1648 Oakwood Drive, O'Fallon, Missouri 63366.

### III.   JURISDICTION AND VENUE

4.      This Court has jurisdiction over the lawsuit, without regard to the amount in controversy, under 28 U.S.C. § 1338 because the suit arises under 15 U.S.C. § 1121(a), Lanham Act § 39(a).

5.      This Court has supplemental jurisdiction over all other claims that are related to the trademark claims pursuant to 28 U.S.C. § 1367(a).

6.      This Court has personal jurisdiction over Defendant because Defendant is located in Missouri, conducts business in Missouri, and has committed acts of trademark infringement in Missouri.

7.      Venue is proper under 28 U.S.C. §§ 1391(b) and (c) because a substantial part of the events giving rise to the claims herein occurred and continue to occur in this judicial district.

### IV.   FACTUAL BACKGROUND

**A.      Comparison of the Marks**

8.      Plaintiff brings this suit due to Defendant's infringing and diluting use of Plaintiff's trademark.   Plaintiff RCI Hospitality Holdings, Inc. owns a registered trademark in Bombshells Restaurant & Bar® (the "Mark"), a restaurant concept operated by certain of RCI Hospitality Holdings, Inc.'s.  Plaintiff filed its trademark application in 2012.  The Mark is depicted below:

2



9.     The Mark is used by Plaintiff in a restaurant and bar with a 1940s war era theme as seen in the above use of the Mark and in advertisement photographs on Plaintiff's Facebook account such as:



10.     After Plaintiff submitted its Trademark Application, Defendant began using an infringing name and mark in its bar and grill in a similar manner which is likely to cause confusion and dilution of the Mark.  Specifically, Defendant opened a 1940s war era themed bar and grill using an infringing name and mark as follows:

3



11.      Defendant's Facebook website shows that the bar and grill features themed servers who fit the restaurant theme in a manner similar to that of the servers Plaintiff's restaurant and bar.  As a result of Defendant's use of a name, logo, and trade dress that purloins the distinctive theme and features of the Mark in its bar and grill, there is likely to be confusion and dilution of the Mark.

**B.      Plaintiff's Business and Registered Trademark**

12.      In accordance with the Lanham Act, Plaintiff registered the Mark on the principal register of the United States Patent and Trademark Office ("USPTO") for goods and services related to "restaurant services, namely, providing of food and beverages for consumption on and off the premises."  Plaintiff's application for registration of the Mark was filed on July 19, 2012.  A copy of the registration is attached hereto as Exhibit A and is incorporated herein by reference.  This registration is valid and subsisting and is in full force and effect.

13.     Pursuant to the Lanham Act, Plaintiff's registration constitutes *prima facie* evidence of (a) the validity of the Mark and the registrations thereof, (b) Plaintiff's ownership of the Mark, and (c) Plaintiff's exclusive right to use the Mark on or in connection with the goods and services specified in the registrations, without condition or limitation.  15 U.S.C. 1057(b) and 1115(a).  In addition, Plaintiff's registrations constitute constructive notice of Plaintiff's claim of ownership of the Mark.

14.     Since 2013, Plaintiff has continuously used the Mark in commerce throughout the United States and, in doing so, spent a substantial amount of energy, time and money to promote its goods and services that bear the Mark.  As a result, the Mark is inherently distinctive, as it neither serves as a name for the products or services themselves, nor describes any quality, characteristic, or ingredient of the products and services.

15.     Plaintiff has prominently used, advertised, and promoted its goods and services bearing the Mark in various media, including through print advertisements, online marketing, social media, and promotions at trade shows, among others.  Plaintiff also prominently features the Mark at its subsidiaries' Bombshells Restaurant & Bar establishments.  Plaintiff's subsidiaries also own a website, www.4bombshells.com, and have done so for several years.  The Mark is featured prominently on the home page and interior pages of the website.

16.     As a result of Plaintiff's expenditures, and its extensive and continuous use of the Mark since 2013, the Mark has gained widespread recognition and goodwill throughout the United States and the world and is so well known that consumers

associate the Mark with Plaintiff and Plaintiff's establishments.   Accordingly, the Mark is strong and is entitled to broad protection.

17.     Defendant's use of an infringing name and mark clearly infringes on and dilutes Plaintiff's use of Defendant's infringing name and mark in commerce.

### C.     Defendant's Intentional, Knowing and Willful Infringement

18.     Defendant, with actual knowledge of Plaintiff's rights in and to the Mark, has used and, on information and belief, continues to use an infringing name and mark to advertise, promote and sell Defendant's goods and services.

19.     On several occasions, Plaintiff has asked Defendant to cease its unauthorized use of an infringing name and mark.   Despite Plaintiff's repeated and reasonable requests, Defendant has continued to knowingly and willfully use an infringing name and mark to advertise, promote and sell its good and services.

20.     Defendant's unauthorized use of an infringing name and mark is likely to cause confusion, to cause mistake, or to deceive consumers as to the source, sponsorship, approval, or affiliation of Defendant's business, products, or services.   Consumers are likely to believe, erroneously, that Defendant's goods or services are affiliated or connected with Plaintiff.

21.     Any failure, neglect, or default by Defendant or any negative public perception of Defendant or the goods and services offered by it will likely reflect adversely upon Plaintiff.

22.     The favorable goodwill that Plaintiff has developed is at risk as a result of Defendant's infringement of the Mark.

23.     Defendant's infringement will also lessen the ability of the Mark to identify and distinguish Plaintiff's goods and services, thereby causing harm to Plaintiff.

24.     Defendant has damaged Plaintiff and, on information and belief, is continuing to damage Plaintiff by its unlawful acts.  Defendant will cause irreparable injury to Plaintiff for which there is no adequate remedy at law unless Defendant is restrained by this Court.

## V.   CAUSES OF ACTION

### A. COUNT ONE - Federal Trademark Infringement

25.     Plaintiff incorporates the preceding paragraphs by reference as if fully set forth herein.

26.     Plaintiff owns an incontestable, valid and enforceable federally registered trademark.

27.     Without Plaintiff's consent, Defendant has intentionally, knowingly, and willfully engaged in and, on information and belief, continues to intentionally, knowingly and willfully engage in commercial advertising, promotion and sales of goods and services which has the effect of misrepresenting the nature, characteristics and/or qualities of Plaintiff's goods, services or commercial activities.

28.     Defendant's intentional, knowing, and willful misrepresentations and conduct are likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's goods, services and/or commercial activities by Plaintiff.

29.     Plaintiff has suffered and continues to suffer substantial injury, resulting in damages to Plaintiff, including loss of sales and profits, which Plaintiff would have

7

realized but for the above-described wrongful activities of Defendant.

30.	Plaintiff has suffered and continues to suffer substantial injury to its goodwill and reputation as a result of the above-described wrongful activities of Defendant.

31.	Plaintiff seeks all remedies available under the Lanham Act including, but not limited to, those provided by 15 U.S.C. §§ 1116(a) and 1117(a).

32.	Plaintiff has suffered and will continue to suffer irreparable injury unless Defendant is enjoined by this Court.  Plaintiff has no adequate remedy at law.

**B. COUNT TWO - Federal Unfair Competition**

33.	Plaintiff incorporates the preceding paragraphs by reference as if fully set forth herein.

34.	Defendant's conduct constitutes the use of words, terms, names, symbols or devices tending falsely to describe its infringing goods and services, within the meaning of 15 U.S.C. § 1125(a)(1).

35.	Defendant's intentional, knowing, and willful misrepresentations and conduct are likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's goods, services and/or commercial activities by Plaintiff.

36.	Plaintiff has suffered and continues to suffer substantial injury, resulting in damages to Plaintiff, including loss of sales and profits, which Plaintiff would have realized but for the above-described wrongful activities of Defendant.

37.	Plaintiff has suffered and continues to suffer substantial injury to its goodwill and reputation as a result of the above-described wrongful activities of

8

Defendant.

38.     Plaintiff seeks all remedies available under the Lanham Act including, but not limited to, those provided by 15 U.S.C. §§ 1116(a) and 1117(a).

39.     Plaintiff has suffered and will continue to suffer irreparable injury unless Defendant is enjoined by this Court.  Plaintiff has no adequate remedy at law.

**C. COUNT THREE - Federal Dilution**

40.     Plaintiff incorporates the preceding paragraphs by reference as if fully set forth herein.

41.     Defendant's conduct constitutes a likelihood of dilution of the distinctive quality of the Mark within the meaning of 15 U.S.C. § 1125(c).

42.     Defendant intentionally, knowingly, and willfully traded on and continues to trade on Plaintiff's reputation and to cause such dilution.

43.     Plaintiff has suffered and continues to suffer substantial injury, resulting in damages to Plaintiff, including loss of sales and profits, which Plaintiff would have realized but for the above-described wrongful activities of Defendant.

44.     Plaintiff has suffered and continues to suffer substantial injury to its goodwill and reputation as a result of the above-described wrongful activities of Defendant.

45.     Plaintiff seeks all remedies available under the Lanham Act including, but not limited to, those provided by 15 U.S.C. §§ 1116(a) and 1117(a).

46.     Plaintiff has suffered and will continue to suffer irreparable injury unless Defendant is enjoined by this Court.  Plaintiff has no adequate remedy at law.

**D. COUNT FOUR - State Trademark Infringement and Unfair Competition**

47.    Plaintiff incorporates the preceding paragraphs by reference as if fully set forth herein.

48.    Without Plaintiff's consent, Defendant has intentionally, knowingly, and willfully engaged and, on information and belief, continues to intentionally, knowingly, and willfully engage in commercial advertising, promotion, and sales of goods and services which has the effect of misrepresenting the nature, characteristics and/or qualities of Plaintiff's goods, services or commercial activities.

49.    Defendant's intentional, knowing, and willful misrepresentations and conduct are likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's goods, services and/or commercial activities by Plaintiff.

50.    Defendant's conduct constitutes infringement of Plaintiff's common law rights in and to the Mark, and further constitutes common law unfair competition with Plaintiff.

51.    Plaintiff has suffered and continues to suffer substantial injury, resulting in damages to Plaintiff, including loss of sales and profits, which Plaintiff would have realized but for the above-described wrongful activities of Defendant.

52.    Plaintiff has suffered and continues to suffer substantial injury to its goodwill and reputation as a result of the above-described wrongful activities of Defendant.

53.    Plaintiff has suffered and will continue to suffer irreparable injury unless Defendant is enjoined by this Court.  Plaintiff has no adequate remedy at law.

**E. COUNT FIVE - State Injury to Business Reputation or Dilution of Mark**

54.     Plaintiff incorporates the preceding paragraphs by reference as if fully set forth herein.

55.     Plaintiff has owned the common law rights to the Mark since at least 2013.

56.     Defendant has engaged in actions injurious to the business reputation and/or diluted the distinctive quality of the Mark.  Such actions violate the Missouri Anti-Dilution Statute. *See* MO. REV. STAT. § 417.061.

57.     Plaintiff has suffered and continues to suffer substantial injury, resulting in damages to Plaintiff, including loss of sales and profits, which Plaintiff would have realized but for the above-described wrongful activities of Defendant.

58.     Plaintiff has suffered and continues to suffer substantial injury to its goodwill and reputation as a result of the above-described wrongful activities of Defendant.

59.     Plaintiff has suffered and will continue to suffer irreparable injury unless Defendant is enjoined by this Court.  Plaintiff has no adequate remedy at law.

**F. COUNT SIX - Misappropriation**

60.     Plaintiff incorporates the preceding paragraphs by reference as if fully set forth herein.

61.     Plaintiff expended a significant amount of time, labor, skill, and money to develop the Mark and the goods and services offered under the Mark.

62.     Defendant has used and, on information and belief, continues to use an infringing name and mark in competition with Plaintiff, thereby gaining a special

advantage in that competition because Defendant is burdened with little or none of the expense incurred by Plaintiff.

63.     Plaintiff has suffered and continues to suffer substantial injury, resulting in damages to Plaintiff, including loss of sales and profits, which Plaintiff would have realized but for the above-described wrongful conduct of Defendant.

64.     Plaintiff has suffered and will continue to suffer irreparable injury unless Defendant is enjoined by this Court.  Plaintiff has no adequate remedy at law.

**G. COUNT SEVEN - Request for Preliminary Injunction**

65.     Plaintiff incorporates the preceding paragraphs by reference as if fully set forth herein.

66.     Plaintiff hereby requests a Preliminary Injunction pursuant to 15 U.S.C. § 1116(a), Lanham Act § 34(a).  Plaintiff asks the Court to set a hearing for temporary injunction at the earliest possible time, and order Defendant to appear and show cause why at said hearing the following should not be made a temporary injunction.  As more specifically set forth below, Plaintiff will be irreparably harmed unless Defendant, its agents, servants, employees and those persons acting in concert or participation with them are restrained as requested and temporarily enjoined as follows:

a.      Defendant, its agents, servants, employees, and those persons acting in concert or participation with them be restrained and enjoined from making any use of the Mark or any marks confusingly similar to the Mark in connection or association with the marketing, sale and/or promotion of goods or services related to containers and other products associated with the storage and transportation of materials in bulk.

67.    There is a substantial likelihood that Plaintiff will prevail on the merits because it registered the Mark on the principal register of the USPTO for goods and services related to "restaurant services, namely, providing food and beverages for consumption on and off the premises," which Defendant's use of an infringing name and mark directly infringes.

68.    Plaintiff will likely suffer irreparable injury, including dilution of Plaintiff's trademark, confusion, mistake, or deception of consumers as to the source, sponsorship, approval, or affiliation of Defendant's business, products, or services, if the Court does not enjoin Defendant from its use of an infringing name and mark to advertise and sell Defendant's goods and services, which infringes Plaintiff's trademark.

69.    Defendant will not suffer undue hardship or loss as a result of the issuance of a preliminary injunction.

70.    Issuance of a preliminary injunction will not adversely affect the public interest because it will protect the public interest in preserving properly registered and continuously used trademarks.

71.    As a direct and proximate result of Defendant's conduct, Plaintiff suffered damages including loss of sales and profits,

72.    On information and belief, Defendant knew that its unauthorized use of a name and mark confusingly similar to Plaintiff's would result in a benefit to Defendant.

73.    Defendant's unauthorized use of an infringing name and mark has unjustly enriched Defendant at the expense of Plaintiff's reputation and good will.

74.    Plaintiff has suffered and will continue to suffer irreparable injury unless Defendant is enjoined by this Court.  Plaintiff has no adequate remedy at law.

**H. COUNT EIGHT - Request for Permanent Injunction**

75.     Plaintiff incorporates the preceding paragraphs by reference as if fully set

forth herein.

76.     Plaintiff asks the Court to set its application for injunctive relief for a full

trial on the issues in this application and, after the trial, to issue a permanent injunction

against Defendant.

## VI.     ATTORNEYS' FEES

77.     Plaintiff incorporates the preceding paragraphs by reference as if fully set

forth herein.

78.     This is an exceptional case and, as such, Plaintiff is entitled to an award of

reasonable attorneys' fees and costs on equitable grounds.

## VII.     JURY DEMAND

79.     Plaintiff hereby demands a trial by jury on all issues so triable.

## VIII.   PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court enter a judgment ruling as follows:

a.      That Defendant, its agents, servants, employees, and those persons acting

in concert or participation with them be preliminarily enjoined from making any use of

the Mark or any marks confusingly similar to the Mark in connection or association with

the marketing, sale, and/or promotion of goods or services related to restaurant and bar

services;

b.      That Defendant, its agents, servants, employees and those persons acting

in concert or participation with them be permanently enjoined from making any use of

the Mark or any marks confusingly similar to the Mark in connection or association with

the marketing, sale, and/or promotion of goods or services related to restaurant and bar services;

        c.      That Defendant be required to account for and pay to Plaintiff all profits and benefits it derived as a result of the activities complained of herein;

        d.      That Defendant be required to pay to Plaintiff the actual, consequential, and compensatory damages sustained as a result of the activities complained of herein;

        e.      That Defendant be required to pay increased damages due to its willful infringement;

        f.      That Defendant be required to pay all pre-judgment and post-judgment interest at the highest rates allowed by law;

        g.      That Defendant be required to pay costs and attorney's fees; and

        h.      For such other and further relief as this Court deems just and proper.

Dated:  July 10, 2019

Respectfully submitted,


/s/    *Peter B. Hoffman*
**PETER B. HOFFMAN  25645MO**
**BAKER STERCHI COWDEN & RICE,**
**LLC**
100 North Broadway, 21st Floor
St. Louis, MO 63102
Tel: (314) 345-5000 / Fax: (314) 345-5055
Email: hoffman@bscr-law.com

and


**BRIAN S. RAWSON**
Texas State Bar No. 24041754 (Application
for Admission *Pro Hac Vice* to be filed)
**ROY B. MCKAY**
Texas State Bar No. 24071171 (Application
for Admission *Pro Hac Vice* to be filed)
**HARTLINE BARGER LLP**
8750 N. Central Expressway, Suite 1600
Dallas, Texas 75231
(214) 369-2100 Telephone
(214) 369-2118 Facsimile
brawson@hartlinebarger.com
rmckay@hartlinebarger.com

**DARRELL L. BARGER**
State Bar No. 01733800
dbarger@hartlinebarger.com
**HARTLINE BARGER LLP**
800 North Shoreline Blvd.
Suite 2000, North Tower
Corpus Christi, Texas 78401
(361) 866-8000 – Telephone
(361) 866-8039 – Facsimile

**ATTORNEYS FOR PLAINTIFF RCI**
**HOSPITALITY HOLDINGS, INC.**

16